UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARMARI LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-491** |
| **EXPERIAN CONSUMER SERVICES** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion for Order to Show Cause Why Case Should Not be Dismissed[1] filed by Defendant, Experian Information Solutions, Inc., improperly named Experian Consumer Services. The motion is set for submission on March 5, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance February 25, 2025. Plaintiff Charmari Lee did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 23.
[2] R. Doc. 23-2.
[3] Federal Rule of Civil Procedure 41(b) authorizes dismissal of an action for failure to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) dismissals are proper upon a showing of (1) a clear record of delay or contumacious conduct, and (2) where lesser sanctions would not serve the best interests of justice. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). The Court finds both requirements are present here. Plaintiff has failed to meaningfully participate in this case for over six months, as her last filing with the Court was July 23, 2024. Plaintiff has failed to engage in settlement or other case-related discussions with Experian's counsel for over five months. She has missed three Scheduling Conferences and failed to serve initial disclosures as ordered by the Court. This is a clear pattern of disregard for the Federal Rules of Civil Procedure and the orders of this Court. Lesser sanctions would not serve the best interests of justice because the Court has given Plaintiff numerous opportunities to participate in this case prior to dismissal, and she has failed to make appearances or otherwise participate in this case. Although the presence of the two factors listed above is sufficient for dismissal, the Fifth Circuit recommends courts also consider whether any aggravating factors are present before dismissing a party's lawsuit pursuant to Rule 41(b). *Id.* These aggravating factors include "the extent to which the plaintiff . . . was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). At least two aggravating factors are also present here given that (1) Plaintiff is representing herself, so she, alone, is responsible for the failures discussed above; (2) Experian has been prejudiced by being required to prepare and maintain a defense to this inactive lawsuit and to appear, as the sole participant, at court-ordered conferences. Dismissal with prejudice is therefore appropriate.

**IT IS ORDERED** that the motion (R. Doc. 23) is **GRANTED**, and Plaintiff Charmari Lee's claims against Defendant Experian Information Solutions, Inc., improperly named Experian Consumer Services, are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 27th day of February 2025.

                                                  **DARREL JAMES PAPILLION**
                                                  **UNITED STATES DISTRICT JUDGE**